IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OLE K. NILSSEN and GEO FOUNDATION, LTD., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:06-cv-04155 |
| v. | ) ) | Judge Norgle |
| GENERAL ELECTRIC COMPANY and GE LIGHTING, LLC, | ) ) ) | Magistrate Judge Cole |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR RULE TO SHOW CAUSE
BASED ON DEFENDANTS' VIOLATIONS OF THE STAY ORDER**

Plaintiffs, Ole K. Nilssen and Geo Foundation, Ltd. ("Plaintiffs"), through their counsel, hereby move this Court to issue a rule to show cause why General Electric Company and GE Lighting, LLC ("Defendants") should not be held in contempt of court for their repeated failure to comply with the Court's order of September 22, 2006 which stayed all proceedings in this case. In support of this motion, Plaintiffs state as follows:

1. On September 22, 2006, the Court entered an Order ("the Stay Order"), staying this case pending the final disposition of the appeal in *Ole K. Nilssen and GEO Foundation, Ltd. v. Osram Sylvania, Inc. and Osram Sylvania Products, Inc.*, United States Court of Appeal for the Federal Circuit, No. 2006-1550 (the "Appeal"). A copy of the Order is attached as Exhibit A.

2. At the hearing on Plaintiffs' Motion to Stay on September 22, 2006, counsel for Defendants stated her intent to file one or more motions to dismiss. In the Stay Order, the Court acknowledged Defendants' counsel's intent to file such

motions, but explicitly ordered that any motions, including motions to dismiss, be filed only after the Court lifts the stay:

> Counsel for Defendants submits that the case is "ripe for dismissal" under FRCP 12(b)(1) and (6). <u>When the court lifts the stay of this case, counsel may file whatever motions she finds appropriate</u>, and the court will set a briefing schedule on those motions.

> Stay Order, Exhibit A (last sentence, emphasis added).

3. After finding that no party would be prejudiced by a stay, the Court entered the stay in both the interest of judicial economy and to avoid the unnecessary expenditure of time and resources on the part of both counsel and the Court pending the outcome of the Appeal. Stay Order, Exhibit A.

4. In flagrant disregard of the clear and explicit terms of the Stay Order, Defendants on September 28, 2006, filed a Motion to Dismiss. Exhibit B. The Motion to Dismiss was combined with Defendants' Motion for Reconsideration of the Stay Order, in an ill-disguised effort to avoid the clear scope and effect of the stay. (The Court set a briefing schedule only on the Motion for Reconsideration, and that motion is now fully briefed).

5. In further disregard of the Stay Order, on October 13, 2006, counsel for Defendants sent counsel for Plaintiffs a "Rule 11 Letter" enclosing a Motion for Sanctions under FRCP 11 and threatening to file that motion if Plaintiffs did not dismiss this case. Exhibit C. The Rule 11 Letter was sent via e-mail at 10:20 pm, hours after close of business on Friday night, yet demanded a response within twenty-one days from that date. See Exhibit C.

6. Defendants' actions in filing their Motion to Dismiss and serving the Rule 11 Letter are in direct violation of the Stay Order. Defendants did not seek leave

of Court to take these actions.  Defendants have knowingly and willfully violated the Stay Order.

7. This Court has the inherent power to punish violations of its orders.  18 U.S.C. §401(3).  Violations of court orders by parties are grounds for contempt, particularly where the violation is willful.  *See, e.g.*, *United States v. Cable News Network*, 865 F. Supp. 1549 (S.D. Fla. 1994) (company acted in contempt of court by violating restraining order where the order was specific enough to put company on notice as to what actions court was trying to prohibit, company acted multiple times in violation of the order, and acted either with knowledge or reckless disregard of wrongfulness of its actions).  Likewise, an attorney's disobedience of a court order is punishable as contempt under 18 USC 401(3).  *See, e.g.*, *In re Niblack*, 476 F.2d. 930 (D.C. Cir.), *cert. denied*, 414 US 909 (1973).

8. Plaintiffs have suffered harm as a direct and proximate result of Defendants' violations of the Stay Order, in that they have incurred attorneys' fees and costs for reviewing and responding to Defendants' Motion to Dismiss and Rule 11 letter and in connection with this Motion for Rule to Show Cause.  This Court should order Defendants to pay Plaintiffs' reasonable attorneys' fees and costs.

9. Counsel for Plaintiffs wrote to counsel for Defendants on October 20, 2006, reminding her of the Stay Order and asking that Defendants withdraw their Motion to Dismiss and Rule 11 Letter.  Exhibit D.  By letter dated October 27, 2006, Counsel for Defendants refused to do so, and instead reiterated her

demand that Plaintiffs dismiss the case.  Exhibit E.  Counsel for Plaintiffs responded by letter dated October 30, 2006.  Exhibit F.  The parties have been unable to resolve this matter.

WHEREFORE, Plaintiffs respectfully request that this Court:

    1.  Issue a rule to show cause why Defendants should not be held in contempt of court for their intentional and flagrant violation of the Stay Order;

    2.  Strike Defendants' Motion to Dismiss;

    3.  Order Defendants to withdraw their Rule 11 Letter;

    4.  Order Defendants to pay Plaintiffs' reasonable attorney fees for the time spent reviewing and responding to Defendants' actions taken in violation of the Stay Order, namely Defendants' Motion to Dismiss and Defendants' Rule 11 Letter and Motion for Sanctions; and to pay Plaintiffs' reasonable attorney fees for the time spent preparing this Motion for Rule to Show Cause; and

    5.  Grant such other relief as the Court may deem appropriate.

Respectfully submitted,

Dated: November 9, 2006

OLE K. NILSSEN and
GEO FOUNDATION, LTD.

By:   /s/Eric H. Weimers
     One of their attorneys

James D. Ryndak (#2435942)
Eric H. Weimers (#6205977)
Mark K. Suri (#6199636)
RYNDAK & SURI LLP
200 West Madison Street
Suite 2100
Chicago, Illinois 60606
Tel. (312) 214-7770
Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

      I, Eric H. Weimers, certify that a true and correct copy of the foregoing **PLAINTIFFS' MOTION FOR RULE TO SHOW CAUSE** was served electronically, through ECF, upon counsel for Defendants:

    Margaret M. Duncan
    Krista Vink Venegas
    McDermott Will & Emery LLP
    227 W. Monroe St.
    Chicago, IL 60606
    Attorney for Defendants

on this 9th day of November, 2006.

                                  By: /s/Eric H. Weimers
                                          Eric H. Weimers
                                          Attorney for Plaintiffs