## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| OLE K. NILSSEN and | ) | |
| GEO FOUNDATION, LTD., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 1:06-CV-04155 |
| | ) | |
| v. | ) | |
| | ) | Judge Charles R. Norgle |
| GENERAL ELECTRIC COMPANY and | ) | |
| GE LIGHTING, LLC, | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| Defendants. | ) | |

### GENERAL ELECTRIC'S RESPONSE TO PLAINTIFFS'
### MOTION FOR RULE TO SHOW CAUSE

General Electric Company and GE Lighting, LLC (collectively, "GE"), by their attorneys, McDermott Will and Emery LLP, respond to Plaintiffs' Motion for Rule to Show Cause. Because Fed. R. Civ. P. Rule 60 allows for motions for reconsideration, and because this Court ordered a briefing schedule on GE's Motion for Reconsideration, GE did not violate, and did not intend to violate, any order of the Court in filing its brief or reply in support of its Motion for Reconsideration. The inevitable and natural consequence of lifting the stay is a dismissal order – Plaintiffs' legally cannot seek to enforce an unenforceable patent. Therefore, Plaintiffs' Motion for Rule to Show Cause should be denied. It should be recognized for what it is: a transparent effort to shift the blame and divert the Court from Plaintiffs' transgressions in filing a legally barred case.

## I.  <u>BACKGROUND</u>

After all of the patents asserted by Plaintiffs were held unenforceable by a final judgment in prior litigation,[1] Plaintiffs nonetheless brought this action against GE asserting these same patents.  While admitting in their Complaint that their patents were unenforceable, Plaintiffs failed to notify the Court or GE of controlling case law that Plaintiffs are collaterally estopped from enforcing their patents against GE or anyone else, even during pendency of Plaintiffs' appeal of the judgment of patent unenforceability.

Next, on September 19, 2006, the same day Plaintiffs agreed to a one-week extension for GE to file its response to the Complaint (Docket Nos. 15 and 21), and apparently anticipating GE's motion to dismiss, Plaintiffs' quickly filed a motion to stay this case.  Docket No. 17. Three days later, during the hearing, this Court stated it would rule on the motion to stay but also would allow GE leave to file its responsive pleading.  Motion to Stay Hr'g Tr., 11:12-20, Sept. 22, 2006, attached as Ex. A, Tab 2.  However, an order staying this case was issued that same day.  Docket No. 22.

On September 28, 2006, GE filed its motion for reconsideration of the stay.  Docket Nos. 23, 26.  GE respectfully requested that the Court reconsider the stay because, *inter alia*, this Court lacks subject matter jurisdiction to hear or otherwise stay this case because there is no case or controversy that can be adjudicated, and Plaintiffs cannot preserve a hypothetical claim based on patent rights they do not possess.  On September 29, 2006, within a week of staying this case, this Court requested briefing on GE's Motion for Reconsideration.  Minute Entry, Docket No. 27.  Thereafter, Plaintiffs filed their response to GE's Motion for Reconsideration, but did not

---

[1] *See* Order entered by Judge Darrah in *Nilssen v. Osram Sylvania, Inc.,* Case No. 1:01-CV-03585 (N.D. Ill.) on June 28, 2006 (as amended on July 5, 2006), in which the Court found the patents in suit to be unenforceable, Docket No. 197.

challenge the substance of GE's Motion for Reconsideration. Instead, Plaintiffs argued that this

Court cannot reconsider a stay except in very limited circumstances. Docket No. 28. At present,

GE's Motion for Reconsideration is fully briefed and pending before this Court.

In Plaintiffs' present Motion for Rule to Show Cause, they "have not argued that GE does

not have the right to file its currently-pending motion for reconsideration of the Court's stay

order." *See* Ex. F attached to Plaintiffs' Motion for Rule to Show Cause. Rather, Plaintiffs

argue that GE has violated the stay, in part, because the grounds for GE's Motion for

Reconsideration are that this case should be dismissed.[2] As such, Plaintiffs have chosen to

completely ignore the substance of GE's Motion for Reconsideration that this Court should lift

the stay because the Court lacks jurisdiction in view of the absence of an actual case or

controversy between the parties. All parties in this case have agreed that the patents are

unenforceable.[3]

## II.    ARGUMENT

Plaintiffs have brought and maintained this action for an improper purpose, namely to

preserve hypothetical claims in unenforceable patents. What is worse is that Plaintiffs continue

---

[2] Plaintiffs also argue that GE has violated the stay by sending Plaintiffs a notice pursuant to Rule 11 Fed. R. Civ. P. Rule 11 provides relief from pleadings that are not "warranted by existing law." Fed. R. Civ. P. 11(b)(2). GE's letter was to apprise Plaintiffs of their inadequate factual and legal investigation prior to bringing this suit and improper attempt to revive rights in unenforceable and invalid patent claims. GE has not filed its Motion and Memorandum in Support of GE's Motion for Sanctions, but respectfully submits that Plaintiffs' Motion for Rule to Show Cause is a transparent attempt to deflect the Court's attention away from Plaintiffs' sanctionable conduct in bringing claims that are unsupported by controlling case law. A copy of the Memorandum in Support of GE's Motion for Sanctions, which was not filed but was served on Plaintiffs in compliance with Rule 11, is attached as Ex. A. Again, Plaintiffs "hid the ball" by omitting a copy of this Memorandum from their Motion for Rule to Show Cause.

[3] In addition, in its Motion for Reconsideration, GE has argued that when there is even a slight chance of prejudice to a party in maintaining a stay, the opposing party must come forward with evidence of prejudice in being required to go forward. Plaintiffs have not asserted any evidence of prejudice that would preclude the Court's dismissal of this case for lack of jurisdiction.

to maintain that a stay is appropriate here, although they know that controlling law mandates that

their claims do not provide a basis for subject matter jurisdiction and that they are collaterally

estopped from bringing claims on unenforceable patents.  However, this is not inconsistent with

Plaintiffs' pattern of litigation misconduct.  As noted by the Court of Appeals for the Seventh

Circuit:

> Nilssen is an inventor—a litigious inventor, as a check of Lexis or Westlaw will
> reveal.  He has been unsuccessful in all published decisions and has been
> threatened with sanctions for making frivolous claims, see *In re Nilssen*, 851 F.2d
> 1401, 1402, n. 1 (7th Cir. 1988).

*Nilssen v. Motorola, Inc.*, 255 F. 3d 410, 412 (7th Cir. 2001).

Throughout this case, Plaintiffs and their counsel have misled the Court and GE by

failing to disclose vital information that demonstrates that the claims asserted against GE are

without merit and should fail as a matter of law.  For example, Plaintiffs continue to maintain

their position that this case should be stayed and not dismissed.  Docket No. 28.  However,

Plaintiffs have admitted from the outset in their Complaint that the asserted patents are

unenforceable due to Judge Darrah's prior judgment in *Nilssen v. Osram* case.  Docket No. 4,

Complaint, ¶ 14.  Moreover, Plaintiffs' counsel admitted at the September 22, 2006 hearing that

Plaintiffs are collaterally estopped by Judge Darrah's ruling of inequitable conduct in the *Osram*

case, and they cannot properly assert unenforceable patents:

> MS. DUNCAN:  . . . [T]he black letter law is that you can not enforce patents
> when there is a prior decision of invalidity and/or unenforceability. . . .
>
> THE COURT:  Well, that I certainly would agree with.  And I don't think counsel
> would oppose that proposition.
>
> MR. WEIMERS:  No, your Honor. …

*See* Motion to Stay Hr'g Tr., 9:10-20, Sept. 22, 2006, Ex. A, Tab 2.  Nonetheless, Plaintiffs

oppose dismissal of this case.

In stark contrast, in a related action, *Nilssen v. Wal-Mart*, Case No. 1:04-CV-05363 (N.D. Ill.), Plaintiffs have not opposed the *Wal-Mart* defendants' request for summary judgment that Plaintiffs are collaterally estopped from litigating the enforceability of five patents held unenforceable in the *Osram* decision (i.e., the '681, '680, '806, '270 and '123 patents), the very same patents asserted in the present case. *See* Plaintiffs' Motion to Extend the Summary Judgment Briefing Schedule in the *Wal-Mart* case, p. 4, attached as Ex. B.  Plaintiffs are certainly aware that they are taking an unsubstantiated and contradictory position by maintaining this case.

Moreover, Plaintiffs' brief submitted in support of the stay failed to notify the Court of controlling case law that Plaintiffs' Federal Circuit appeal of Judge Darrah's judgment of unenforceability of the asserted patents in the *Osram* case does not relieve Plaintiffs of the final judgment that their patents are unenforceable and they cannot assert them in a subsequent lawsuit. *See Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373, 1382 (Fed. Cir. 1999) (pendency of an appeal has no effect on the finality or binding effect of a trial court's holding of patent invalidity or unenforceability); *see also Pharmacia & Upjohn Co. v. Novopharm Ltd.*, Case No. 97-C-3992, 1999 WL 63695, at *3 (N.D. Ill. Feb. 4, 1999) ("It is well-settled that, once a judgment is entered, that judgment is accorded an estoppel effect, regardless of any pending post-judgment motions or appeal."), attached as Ex. C.

Further, Plaintiffs continue to make unsupported and misleading statements in support of the stay.  For example, at the September 22, 2006 hearing, Plaintiffs' counsel represented to the

Court that the average pendency for a Federal Circuit appeal would be approximately 41 weeks, despite having no factual basis for making such representation.[4]

>    THE COURT:  Do you have any basis to suggest when the appeal might be decided?
>
>    MR. WEIMERS:  Well obviously we can't predict that.  I did see a statistic that suggested to me that the average pendency of a Federal Circuit appeal is approximately 41 weeks.  I'm not positive about that, but that is some information we saw.

Motion to Stay Hr'g Tr., 6:1-9, Sept. 22, 2006, Ex. A, Tab 2.

Regardless of Plaintiffs' basis for this allegation, they made a totally contradictory representation to Judge Gettleman in the related *Wal-Mart* case.  Plaintiffs' counsel there opposed staying that case pending the outcome of the *Osram* inequitable conduct hearing and instead represented to the Court that "the issues involved in the [in]equitable conduct hearing are subject to appeal no matter their disposition, and final resolution of these issues may be *many years off*."  *See Nilssen v. Wal-Mart*, Case No. 1:04-CV-05363 (N.D. Ill.), Plaintiffs' Response to Defendants' Corrected Motion to Stay, fn. 1 (emphasis added), Docket No. 99, attached as Ex. A, Tab 7.  At a minimum, Plaintiffs' counsel knew or should have known that they were making representations to this Court that were in direct contradiction of their statements to another Judge in this District.

Similarly, Plaintiffs' counsel represented to the Court that "briefing is well underway" in Plaintiffs' Federal Circuit appeal in the *Osram* case, and that "[they] are already about six weeks into that process," when in fact, Plaintiffs' counsel knew or should have known that Plaintiffs had requested and had been granted a two-month extension of time to file their *opening brief*

---

[4] On information and belief, the average pendency of an appeal is not a statistic that is monitored or published by the Court of Appeals for the Federal Circuit.

with the Federal Circuit, delaying the filing deadline for such brief until at least December 2006. *See* Motion to Stay Hr'g Tr., 5:18 – 7:6, Sept. 22, 2006, Ex. A, Tab 2 and Appeal Docket Sheet, Ex. A, Tab 8.

In submitting Plaintiffs' Motion for Rule to Show Cause, Plaintiff represented to the Court that, "on October 13, 2006, counsel for Defendants sent counsel for Plaintiffs a 'Rule 11 Letter' enclosing a Motion for Sanctions under FRCP 11." Plaintiffs' Motion for Rule to Show Cause, ¶ 5. However, Plaintiffs failed to disclose or attach the Memorandum in Support of Defendants' Motion for Sanctions, which listed the litigation and patent prosecution abuses committed by Plaintiffs in this case, which are sanctionable.[5] In sum, Plaintiffs have a long track record of making inconsistent and misleading statements before this and other courts and the U.S. Patent Office.

Although Plaintiffs complain that GE somehow has violated the Court's Stay Order, they fail to point out that the Stay Order was modified, at least by the Court's order setting a briefing schedule for GE's Motion for Reconsideration, and, indeed, Plaintiffs filed their responsive brief to GE's Motion for Reconsideration without addressing the substantive issues. Docket Nos. 27 and 28, respectively.

---

[5] In addition to the facts cited above, GE has additionally put Plaintiffs on notice that they are attempting to assert invalid patent claims. For example, at the time Plaintiffs filed the Complaint in the present action, Plaintiffs and their counsel also were aware that certain claims of one of the asserted patents, the '067 patent, had been held invalid in yet another suit, *Nilssen v. Motorola, Inc.*, Case Nos. 96-C-5571, 98-C-2229, 2002 WL 206007, at *11 (Feb. 8, 2002, N.D. Ill), Ex. A, Tab 3. Additionally, Plaintiffs were well aware that all asserted six patents were under reexamination at the United States Patent and Trademark Office due to serious questions of patentability and that some claims had been held unpatentable or had been cancelled. *See, e.g.*, '680 patent Office Action, Nov. 18, 2005 (finding Claims 9-14, 17 and 20-21 unpatentable in view of the prior art), attached as Ex. A, Tab 5. In response to this Office Action, Nilssen cancelled claim 10 of the '680 patent. *See*, Nilssen's Response to Office Action of Nov. 18, 2005, pp. 2-3 ("Claim 10 is cancelled"), attached as Ex. A, Tab 6. Yet, Plaintiffs deliberately chose to conceal the infirmity of these claims from the Court and GE.

Further, Plaintiffs complain that GE has violated the Court's Stay Order, not by filing a motion for reconsideration, but by asserting certain reasons for GE's Motion for Reconsideration, i.e., that this case should be dismissed for lack of subject matter jurisdiction. Plaintiffs' Motion for Rule to Show Cause, ¶4.  However, Plaintiffs ignore that one of the primary reasons for GE's Motion for Reconsideration is that Plaintiffs' Complaint is not based in law or in fact.  GE's Motion for Reconsideration, Docket No. 26, and Defendants' Reply in Support of Their Motion for Reconsideration of the Court's Order to Stay Litigation and Defendants' Motion to Dismiss, Docket No. 29, p. 1 ("Defendants requested that this Court reconsider its order to stay the present action because Plaintiffs have no enforceable rights in the asserted patents").

The record in this action shows that Plaintiffs' suit is improper because the Court lacks subject matter jurisdiction in view of the lack of an actual case or controversy by Plaintiffs' assertion of unenforceable patents.  Further, Plaintiffs are collaterally estopped from bringing this action, even where the issue of patent unenforceability is currently on appeal to the Federal Circuit.  *See Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373, 1382 (Fed. Cir. 1999); *see also Pharmacia & Upjohn Co. v. Novopharm Ltd.*, Case No. 97-C-3992, 1999 WL 63695, at *3 (N.D. Ill. Feb. 4, 1999), Ex. C.  Therefore, Plaintiffs have no legal or factual basis for maintaining a suit against GE.

Additionally, the law does not support Plaintiffs' position that this case can be filed as a "place holder" in the event the Federal Circuit reverses the finding of unenforceability. Tellingly, every one of Plaintiffs' pleadings have failed to notify the Court of controlling case law which supports GE's position that collateral estoppel applies even though an appeal may be pending.  *Id.*

Therefore, the stay in this case should be reconsidered *because* this case is not sustainable due to Plaintiffs' assertion of unenforceable patents. The *Osram* appeal does not change this result. The lack of jurisdiction here is at the heart of GE's Motion for Reconsideration, and there is no case that can be stayed. For these reasons, Plaintiffs' Motion for Rule to Show Cause should be denied.

In view of the fact that the Plaintiffs' Complaint was not based in fact or law, on October 13, 2006, GE wrote to Plaintiffs, giving them a 21-day notice pursuant to Fed. R. Civ. P. Rule 11, requesting that they voluntarily dismiss their Complaint, and attaching Defendants' Motion and Memorandum for Sanctions. While Plaintiffs have attached Defendants' Motion for Sanctions to its Motion for Rule to Show Cause, Plaintiffs again withheld from this Court GE's Memorandum in Support of the Motion for Sanctions, which sets forth the full basis for GE's concern that the Complaint in this case was filed without proper investigation of law or fact. Many extra-judicial actions can be taken in a case that is subject to a stay. One party may initiate settlement discussions or may seek to persuade the other side that the case lacks merit. Such conduct does not violate a court order, but furthers the goal of all litigation to narrow issues and obtain a speedy, just and efficient disposition.

Plaintiffs have consistently cited inapplicable and inapposite case law to support their untenable arguments. The cases cited in Plaintiffs' current Motion for Rule to Show Cause are factually and legally distinct from the current situation. In *In re David C. Niblack*, an attorney was found in criminal contempt under Federal Rules of Criminal Procedure 18 U.S.C. § 401, for arriving at court almost two hours late for a scheduling hearing, after having been warned "time and time again about being late." *In re David C. Niblack*, 155 U.S. App. D.C. 174 (1973). The filing of GE's Motion for Reconsideration in this civil action was a single submission to the

Court, was not intended to disrespect the Court or Plaintiffs in any way, and was not in deliberate disregard of the Court's order as the basis for GE's Motion for Reconsideration is that this Court lacks subject matter jurisdiction to hear a case on unenforceable patents.

Further, in *United States of America v. Cable News Network, Inc.*, CNN was found in criminal contempt for publicly airing tape-recorded conversations between Noriega and his attorneys, which included attorney-client privileged conversations.  865 F. Supp. 1549 (S.D. Fla. 1994).  GE's Motion for Reconsideration in this civil action did not disclose any information beyond that already in the public record, and the filing of GE's Motion for Reconsideration was not in deliberate disregard of the Courts' Stay Order for the reasons set forth above.

## III.    CONCLUSION

For the reasons stated above and in GE's Motion for Reconsideration and Reply in support thereof, GE respectfully requests that this Court:

1.     Grant Defendants' Motion for Reconsideration of the Court's Order to Stay Litigation and Defendants' Motion to Dismiss;

2.     Deny Plaintiffs' Motion for Rule to Show Cause and deny the relief sought therein; and

3.     Grant such other relief as the Court may deem appropriate.

Respectfully submitted,

Dated:  November 27, 2006                By: s/ Margaret M. Duncan
                                                            Margaret M. Duncan
                                                            Krista Vink Venegas
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois  60606-5096
Telephone:  312.372.2000
Fax:  312.984.7700

Attorneys for Defendants
GENERAL ELECTRIC COMPANY and
GE LIGHTING, LLC

## <u>CERTIFICATE OF SERVICE</u>

I, Krista Vink Venegas, do hereby certify that on this 27th day of November, 2006, I

served a copy of GENERAL ELECTRIC'S RESPONSE TO PLAINTIFFS' MOTION FOR

RULE TO SHOW CAUSE via ECF notice upon:

       James D. Ryndak (ryndak@ryndaksuri.com)
       Eric H. Weimers (weimers@ryndaksuri.com)
       Mark K. Suri (suri@ryndaksuri.com)
       Ryndak & Suri LLP
       200 West Madison Street
       Suite 2100
       Chicago, Illinois  60606

                    s/ Krista Vink Venegas
                    Krista Vink Venegas

CHI99 4748025-1.037743.0053

- 12 -