EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| OLE K. NILSSEN and<br>GEO FOUNDATION, LTD.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GENERAL ELECTRIC COMPANY and<br>GE LIGHTING, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 1:06-CV-04155<br>)<br>)<br>)  Judge Charles R. Norgle<br>)<br>)  Magistrate Judge Jeffrey Cole<br>)<br>) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS'
## MOTION FOR SANCTIONS

On October 13, 2006, Defendants General Electric Company and GE Lighting, LLC (collectively, "GE"), by and through their attorneys, served their motion for sanctions and this memorandum in support of such motion ("Motion for Sanctions") on counsel for Ole K. Nilssen and Geo Foundation (collectively, "Plaintiffs").[1]  Pursuant to Rule 11, FED. R. CIV. P., this Motion for Sanctions is being filed with the Court more than twenty-one days after service on Plaintiffs, within which time Plaintiffs and their counsel have refused to dismiss their Complaint. FED. R. CIV. P. 11(c)(1)(A).  For the following reasons, GE respectfully requests that the Court grant GE 's Motion for Sanctions, and further requests that the Court dismiss the present action, award GE reasonable attorneys' fees and costs, and grant such other relief as the Court deems proper.

---

[1]  Prior to serving the Rule 11 Motion, GE also filed and served Defendants' Motion for Reconsideration of the Court's Order to Stay Litigation and Defendants' Motion to Dismiss ("Motion to Dismiss").  Docket No. 23.

# I. **INTRODUCTION**

Rule 11 provides relief from pleadings not being presented for a proper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. FED. R. CIV. P. 11(b)(1). Such relief can come in the form of monetary as well as non-monetary sanctions, including dismissal of the action. *See Jimenez v. Madison Area Tech. Coll.*, 321 F.3d 652, 657 (7th Cir. 2003) (dismissal of discrimination case was appropriate where plaintiff's claims were unmeritorious and her behavior deceptive). In patent cases, monetary Rule 11 sanctions may include attorneys' fees and costs. *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 984 (Fed. Cir. 2000). Additionally, 35 U.S.C. § 285 allows for an award of reasonable attorneys' fees and costs to the prevailing party in exceptional cases. Exceptional cases generally involve litigation brought in bad faith or inequitable conduct by the patentee in procuring the patent. *Evident Corp., v. Church & Dwight Co., Inc.*, 399 F.3d 1310, 1315 (Fed. Cir. 2005). Both the dismissal of the present action and an award of GE's fees and costs are warranted because Plaintiffs knowingly and willingly brought this baseless action and subsequently attempted to evade dismissal of the action by moving to stay this case.

Specifically, prior to filing this action, Plaintiffs and their counsel knew they had no rights in the asserted patents *because all of the patents-in-suit have been found to be unenforceable.* Further, Plaintiffs based this action on patents containing invalid claims, without filing the requisite disclaimers, in violation of 35 U.S.C. § 288, and without notifying the Court and GE of such invalid claims. Additionally, Plaintiffs and their counsel have repeatedly made misleading and self-serving statements to this Court, statements which fully contradict positions that Plaintiffs and their counsel have taken in other related litigations in this District. Finally, when GE requested that Plaintiffs voluntarily dismiss this suit, thereby remedying Plaintiffs'

error in improperly charging GE with patent infringement, Plaintiffs and their counsel refused, instead moving to stay this case. Consequently, GE's Motion for Sanctions should be granted.

## II. LEGAL ARGUMENT

For the following reasons, GE requests that the Court dismiss the present action and award GE reasonable attorneys' fees and costs for having to defend against Plaintiffs' wholly baseless claims of patent infringement.

### A. Sanctions are Warranted for Filing a Suit Based on Unenforceable Patents

At the time Plaintiffs filed the Complaint in the present action, Plaintiffs and their counsel were well aware of the fact that *all* six of the patents-in-suit[2] already were held to be unenforceable by Judge Darrah as a result of Nilssen's fraudulent procurement of these patents. Complaint, ¶14; *see also* 7/5/06 Amended Opinion and Order ("Judge Darrah's Order"), Case No. 1:01-CV-03585, Docket No. 197, attached as Exhibit A to GE's Motion to Dismiss. Nonetheless, Plaintiffs filed this baseless and unsubstantiated suit against GE, charging GE with infringement of Plaintiffs' six unenforceable patents-in-suit.

Had Plaintiffs and their counsel performed a reasonable pre-filing investigation into the factual and legal basis for filing of the present Complaint, they would have been aware that the present infringement allegations against GE are without basis in law or fact. Indeed, if Plaintiffs and their counsel had taken the time to review prior positions asserted by Plaintiffs in related litigations or conducted a cursory examination of relevant case law and statutes, the baseless nature of this action would have been apparent to Plaintiffs and their counsel.

---

[2] The six patents-in-suit are United States Patent Nos. 4,857,806 ("the '806 patent"); 5,233,270 ("the '270 patent"); 5,341,067 ("the '067 patent"); 5,343,123 ("the '123 patent"); 5,510,680 ("the '680 patent"); and 5,510,681 ("the '681 patent").

For example, case law in GE's Motion to Dismiss establishes that collateral estoppel precludes the assertion of the patents-in-suit against GE because the same patents already were held to be unenforceable by Judge Darrah in a related case, *Nilssen v. Osram Sylvania, Inc.,* Case No. 1:01-CV-03585 (N.D. Ill.). *See* GE's Motion to Dismiss, pp. 3, 6-8. Rather than acknowledge the estoppel effect of Judge Darrah's unenforceability ruling on the patents-in-suit in the present action, Plaintiffs are opposing GE's Motion to Dismiss based on their pending appeal of Judge Darrah's final judgment. Nevertheless, in another related action, *Nilssen v. Wal-Mart,* Case No. 1:04-CV-05363 (N.D. Ill.), Plaintiffs have adopted the opposite position, and do not dispute that Judge Darrah's ruling that the '681, '680, '123, '270 and '806 patents are unenforceable estops Plaintiffs from asserting these patents in the *Wal-Mart* case. In fact, Plaintiffs' counsel in the *Wal-Mart* case recently stated that they "do not oppose defendants' pending motion for summary judgment to the extent it seeks partial summary judgment that plaintiffs are collaterally estopped from enforcing the '681, '680, '123, '270 and '806 patents." *See* 9/1/06 Letter from J. Hill to M. Duncan, attached as Exhibit 1 hereto.

Plaintiffs are certainly aware of the contradictory statements and positions they have taken in related litigations, and Plaintiffs' counsel in the present action knew or reasonably should have known of their client's positions to avoid making inconsistent and unsubstantiated claims in the present action. Nonetheless, Plaintiffs and their counsel knowingly and willfully chose to assert patent infringement claims for unenforceable patents against GE in the present action, even though Plaintiffs know such infringement claims are completely without merit. Plaintiffs' conduct can only be construed as Plaintiffs' purposeful and intentional harassment of GE.

Plaintiffs' unreasonableness in filing this lawsuit, in refusing GE's request that Plaintiffs voluntarily dismiss this action, and in opposing GE's Motion to Dismiss was articulated best by the following statements of the Court and counsel for GE and Plaintiffs at the September 22, 2006, hearing:

> MS. DUNCAN: . . . [T]he black letter law is that you can not enforce patents when there is a prior decision of invalidity and/or unenforceability. . . .

> THE COURT: Well, that I certainly would agree with. And I don't think counsel would oppose that proposition.

> MR. WEIMERS: No, your Honor. . . .

Motion to Stay Hr'g Tr., 9:10-20, Sept. 22, 2006, attached as Exhibit 2 hereto.

Further, Plaintiffs' unsubstantiated belief that the Federal Circuit may reverse Judge Darrah's Order is belied by their recent admission in the related *Wal-Mart* case that Plaintiffs are collaterally estopped from enforcing at least five of the six patents-in-suit. Further, Plaintiffs and their counsel are well aware of Judge Darrah's findings of fact relating to the pervasive and flagrant misconduct by Nilssen before the U.S. Patent and Trademark Office ("USPTO"), which led to his fraudulent procurement of the patents-in-suit. Such misconduct also calls into serious question the sincerity of Plaintiffs' "belief" that the Federal Circuit will reverse Judge Darrah's Order. *See* Jesse Greenspan, *Stinging Setback for Inventor in Patent Lawsuit*, IP LAW 360, July 10, 2006, http://iplaw360.com/secure/viewarticle.aspx?id=7428, ("[Judge Darrah] ruled on June 28 that inventor Ole K. Nilssen had violated nearly every patent law on the books ...."), attached as Exhibit E to GE's Motion to Dismiss. In light of the unenforceability of the asserted patents, GE requests that the Court grant its Motion for Sanctions.

**B.**     **Sanctions are Warranted for Filing a Suit Based on Invalid Patents**

At the time Plaintiffs filed the Complaint in the present action, Plaintiffs and their counsel also were aware that certain claims of one of the patents-in-suit, the '067 patent, had

been held invalid in yet another suit, *Nilssen v. Motorola, Inc.*, Case Nos. 96-C-5571, 98-C-2229, 2002 WL 206007, at *11 (Feb. 8, 2002, N.D. Ill), attached as Exhibit 3 hereto. Pursuant to 35 U.S.C. §288, Plaintiffs were required to file a disclaimer of the invalid claims with the USPTO before the commencement of this suit; however, Plaintiffs did not file the required disclaimer. *See* '067 Transaction History, attached as Exhibit 4 hereto. Plaintiffs misconduct is not limited to their USPTO practices; Plaintiffs also failed to notify the Court and GE of the invalidity of the '067 patent claims in their Complaint. Complaint, ¶ 9.

In addition, when the Complaint was filed, Plaintiffs were well aware that *all* six patents-in-suit were under reexamination at the USPTO due to serious questions of patentability and that some claims had been held unpatentable or had been cancelled. Yet, Plaintiffs deliberately chose to conceal the infirmity of these claims from the Court and GE. *See, e.g.*, '680 patent Office Action, Nov. 18, 2005 (finding Claims 9-14, 17 and 20-21 unpatentable in view of the prior art), attached as Exhibit 5 hereto. In response to this Office Action, Nilssen cancelled claim 10 of the '680 patent. *See*, Nilssen's Response to Office Action of Nov. 18, 2005, pp. 2-3 ("Claim 10 is cancelled"), attached as Exhibit 6 hereto. However, Nilssen is still asserting all claims of the '680 patent in this litigation.

There is no question that Plaintiffs filed the present action *after* the patents-in-suit were found to be unenforceable and *after* certain patent claims therein have been found to be invalid unpatentable or cancelled. Thus, Plaintiffs and their counsel have willfully instigated a frivolous suit for the purpose of harassing GE and forcing GE to unnecessarily spend time and money defending themselves against baseless claims of patent infringement. GE has requested that

Plaintiffs voluntarily dismiss the present action, but Plaintiffs have refused.[3] To further compound Plaintiffs' bad faith in bringing this suit, Plaintiffs have moved to stay this case for an extended and indefinite period of time, resulting in an unacceptable delay in the dismissal of such claims against GE. In so doing, Plaintiffs' counsel willingly made unfounded, contradictory and misleading statements to the Court to persuade the Court to grant the stay. As a consequence, GE has been and will continue to be prejudiced by Plaintiffs' actions.

In view of the invalidity, unpatentability and cancellation of certain claims of the patents-in-suit and Plaintiffs' deliberate failure to file the required disclaimers in the USPTO and notify the Court and GE of the invalidity and infirmity of such claims, GE requests that the Court grant its Motion for Sanctions.

**C.      Sanctions are Warranted for Plaintiffs' Uncorroborated, Misleading and Contradictory Statements to the Court**

Plaintiffs' uncorroborated, misleading and contradictory statements to the Court and to GE not only set the stage for which Plaintiffs charged GE with patent infringement, despite having no enforceable patent rights, but Plaintiffs and their counsel also have made misleading statements to the Court and to GE to evade dismissal of the present action. In particular, Plaintiffs and their counsel have misled the Court and GE by failing to disclose vital information that demonstrates that the claims asserted against GE are without merit and should fail as a matter of law.

---

[3]  Plaintiffs' failure to dismiss this case may result in additional claims against Plaintiffs for patent misuse and antitrust claims for the assertion of invalid and unenforceable patents. Again, had Plaintiffs' counsel conducted a reasonable investigation into the legal basis for filing the Complaint, Plaintiffs' counsel would have realized this. *Walker Process Equipment, Inc. v Food Machinery & Chemical Corp.* 382 US 172 (1965) (Proof that person obtained patent by knowingly and willfully misrepresenting facts to Patent Office is sufficient to strip exemption from antitrust laws from person or assignee who maintains and enforces patent with knowledge of its infirmity).

For example, at the September 22, 2006, hearing, Plaintiffs' counsel represented to the

Court that the average pendency for a Federal Circuit appeal would be approximately 41 weeks,

despite having no factual basis for making such representation.[4]

> THE COURT: Do you have any basis to suggest when the appeal might be
> decided?

> MR. WEIMERS: Well obviously we can't predict that. I did see a statistic that
> suggested to me that the average pendancy of a Federal Circuit appeal is
> approximately 41 weeks. I'm not positive about that, but that is some information
> we saw.

> Motion to Stay Hr'g Tr., 6:1-9, Sept. 22, 2006, Exhibit 2.

However, in the related *Wal-Mart* case before Judge Gettleman, Plaintiffs' counsel

opposed staying that case pending the outcome of the *Osram* inequitable conduct hearing and

instead represented to the Court that "the issues involved in the [in]equitable conduct hearing are

subject to appeal no matter their disposition, and final resolution of these issues may be *many*

*years off*." *See Nilssen v. Wal-Mart*, Case No. 1:04-CV-05363 (N.D. Ill.), Plaintiffs' Response to

Defendants' Corrected Motion to Stay, fn. 1 (emphasis added), Docket No. 99, attached as

Exhibit 7 hereto. Plaintiffs' counsel knew or should have known that their argument before this

Court was in direct contradiction to their statement to Judge Gettleman.

In addition, Plaintiffs' counsel told the Court that "briefing is well underway" in

Plaintiffs' Federal Circuit appeal in the *Osram* case, and that "[they] are already about six weeks

into that process," when in fact, Plaintiffs' counsel knew or should have known that Plaintiffs

requested and had been granted a two-month extension of time to file their *opening brief* with the

Federal Circuit, delaying the filing deadline for such brief until at least December 2006. *See*

---

[4] On information and belief, the average pendancy of an appeal is not a statistic that is monitored or published by the
Court of Appeals for the Federal Circuit.

Motion to Stay Hr'g Tr., 6:1-9, Sept. 22, 2006, Exhibit 2 attached hereto; and Appeal Docket Sheet, Exhibit 8 hereto.

In sum, Plaintiffs have a long track record of making inconsistent and misleading statements before this Court, other District Courts and the USPTO, and such pervasive and disingenuous conduct should be sanctioned. Indeed, the Federal Circuit has held that when individual actions of a party are viewed as a whole, they can demonstrate a litigation strategy of vexatious activity, thereby rising to the level of an exceptional case under 35 U.S.C. § 285. *Beckman Instr., Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989) (emphasis added). Here, Plaintiffs' counsel knew or should have known of these inconsistencies, and a cursory review of the court papers filed by Plaintiffs in their various actions would have revealed the discrepancies in Plaintiffs' arguments before this Court. Nevertheless, Plaintiffs knowingly and willfully pursued meritless claims against GE for purposes of harassing GE and forcing the expenditure of significant resources in defending a frivolous lawsuit. Plaintiffs should not be permitted to bend factual "truths" when it best suits them, at the expense of GE, in an attempt to mislead the Court and obtain a favorable ruling. Consequently, the Court should sanction Plaintiffs' misconduct and award GE its reasonable attorneys' fees and costs for defending this action.

## III. <u>CONCLUSION</u>

For the foregoing reasons, GE respectfully requests that this Court sanction Plaintiffs and/or their counsel under FED. R. CIV. P. 11, by dismissing the present action. Further, GE requests that the Court award GE its reasonable attorneys' fees and costs, pursuant to Rule 11 and/or 35 U.S.C. §285, for having to defend itself against this baseless and vexatious lawsuit,

which is based on unenforceable patents and invalid patent claims.  GE further requests that this

Court grant such other relief as it deems proper.

Respectfully submitted,

Dated: November __, 2006

By:_____
Margaret M. Duncan
Krista Vink Venegas
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois  60606-5096
Telephone:  312.372.2000
Fax:  312.984.7700

Attorneys for Defendants
GENERAL ELECTRIC COMPANY and
GE LIGHTING, LLC

## CERTIFICATE OF SERVICE

I, Margaret M. Duncan, do hereby certify that on this ___ day of November, 2006, I served a copy of the accompanying Memorandum in Support of GE's Motion for Sanctions Pursuant to Rule 11 Fed. R. Civ. P.via ECF notice upon:

> James D. Ryndak (ryndak@ryndaksuri.com)
> Eric H. Weimers (Weimers@ryndaksuri.com)
> Mark K. Suri (suri@ryndaksuri.com)
> Ryndak & Suri LLP
> 200 West Madison Street, Suite 2100
> Chicago, IL  60606

_____
Margaret M. Duncan

CHI99 4729245-1.037743.0053