# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

HHN

| | |
|---|---|
| OLE K. NILSSEN and GEO FOUNDATION, LTD., | ) ) ) No. 06 C 4155 ) ) Honorable Charles R. Norgle ) ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | |
| GENERAL ELECTRIC COMPANY and GE LIGHTING, LLC, | |
| Defendants. | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is General Electric Company's and GE Lighting, LLC's (collectively, "GE") motion for attorneys' fees and sanctions against Plaintiffs Ole K. Nilssen and GEO Foundation Ltd ("Plaintiffs" or "Nilssen"). GE requests attorneys' fees and costs pursuant to 35 U.S.C. § 285 of the United States Patent Act, which authorizes the Court to award attorneys' fees to a prevailing party in exceptional cases. GE further seeks the imposition of sanctions against the Plaintiffs pursuant to FED. R. CIV. P. 11. For the following reasons, the motion is granted to the extent GE requests fees pursuant to 35 U.S.C. § 285.

## I. BACKGROUND

Plaintiffs brought this suit against GE on August 1, 2006, alleging that certain light bulbs and electronic ballasts manufactured and sold by GE infringed six U.S. patents Plaintiffs purportedly held. The patents at issue are numbered: 4,857,806, 5,233,270, 5,341,067, 5,343,123, 5,510,680 and 5,510,681. Plaintiffs have since voluntarily dismissed their claims against GE, with prejudice. But this did not entirely dispose of the case. Currently at issue is

whether GE is entitled to receive its attorneys' fees and costs as a result of Plaintiffs filing this suit in the first instance.

Plaintiffs are no strangers to litigation over the patents involved in this case. Prior to filing their suit against GE in this Court, Plaintiffs had been engaged in similar, protracted litigation before two other U.S. District Court judges in the Northern District of Illinois, in which Plaintiffs sought to enforce these same patents against various defendants. In one of those cases, Judge Darrah, who presided over Plaintiffs' case against Osram Sylvania, Inc. ("Osram"), declared Plaintiffs' patents unenforceable and later imposed fees pursuant to 35 U.S.C. § 285.

Following a bench trial, on July 5, 2006, Judge Darrah found that Nilssen could not enforce his patents against Osram because Nilssen had engaged in inequitable conduct in procuring and maintaining the patents at issue. Nilssen v. Osram Sylvania, Inc., 440 F. Supp. 2d 884, 911 (N.D. Ill. 2006). Specifically, the inequitable conduct to which Judge Darrah referred included: (1) misclaiming small entity status and improperly paying small entity maintenance fees; (2) failing to disclose ongoing, related litigation; (3) misclaiming the priority of earlier filing dates; (4) withholding material prior art; and (5) submitting misleading affidavits to the U.S. Patent and Trademark Office ("PTO") during patent prosecutions. See id. at 901-11. What made Nilssen's conduct so distinctive, however, is that although he considered himself an expert in the field of patent procedures and prosecutions Nilssen continued to engage in this inequitable conduct over a significant period of time. This, of course, contributed to the patents' invalidity.

The following year, the United States Court of Appeals for the Federal Circuit affirmed Judge Darrah's finding of unenforceability. Nilssen v. Osram Sylvania, Inc., 504 F.3d 1223 (Fed. Cir. 2007). Thus, with a ruling in its favor in the both the district and appellate courts, Osram filed a motion seeking reimbursement for the various fees and costs it incurred in

defending against Nilssen's infringement suit. This included a request for attorneys' fees pursuant to 35 U.S.C. § 285. See Nilssen v. Osram Sylvania, Inc., No. 01 C 3585, 2007 WL 257711, at *8 (N.D. Ill. Jan. 23, 2007). In assessing Osram's claim for attorneys' fees, Judge Darrah considered the issue of whether Nilssen's prior conduct rendered the case exceptional pursuant to § 285. He found that it did.

A major factor that contributed to Judge Darrah's ruling was that Nilssen's case was frivolous. In fact, Judge Darrah noted that given Nilssen's intimate knowledge of patent procedures and prosecutions, coupled with his inequitable conduct in obtaining and maintaining the patents at issue, Nilssen either knew or should have known that his suit against Osram was baseless. Id. at *9. And, in conjunction with the frivolous nature of Nilssen's lawsuit, Judge Darrah also took into account Nilssen's abuse of the pre-trial process and misconduct during the trial. Id. at *10. This, according to Judge Darrah, demonstrated by clear and convincing evidence that the case was exceptional under § 285 and warranted an award of attorneys' fees in favor of Osram. Id. On June 17, 2008, the Federal Circuit affirmed Judge Darrah's finding that the case was exceptional pursuant to § 285. See Nilssen v. Osram Sylvania, Inc., 528 F.3d 1352 (Fed. Cir. 2008), rehr'g denied en banc. The issue for this Court to decide, then, is whether GE can assert collateral estoppel on the issue of exceptionality within the meaning of § 285, where Judge Darrah and the Federal Circuit previously adjudicated the issue in a separate action brought by the same Plaintiffs, but against a different defendant.

## II. DISCUSSION

### A. STANDARD OF DECISION

In patent disputes, a district court has authority to award reasonable attorney fees to a prevailing party in "exceptional cases." 35 U.S.C. § 285. Under the U.S. Patent Act, the award

of attorney fees is based first on a determination that the case is exceptional, and then whether attorney fees should be awarded. Tate Access Floors v. Maxcess Techs., 222 F.3d 958, 964 (Fed. Cir. 2000). Exceptional cases typically involve some material, inappropriate conduct in the litigation on behalf of the non-moving party, "such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates [FED. R. CIV. P. 11], or like infractions." Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp., 459 F.3d 1311, 1321-22 (Fed. Cir. 2006); Phonometrics, Inc. v. Westin Hotel Co., 350 F.3d 1242, 1246 (Fed. Cir. 2003). And although a *per se* rule of exceptionality does not exist in cases that involve inequitable conduct, such conduct "may constitute a basis for an award of attorney fees under 35 U.S.C. § 285." Nilssen v. Osram Sylvania, Inc., 528 F.3d 1352, 1358 (Fed. Cir. 2008) (quoting A.B. Chance Co. v. RTE Corp., 854, F.2d 1307, 1312 (Fed. Cir. 1988)). The party seeking attorney fees bears the burden of proving that the case is exceptional by clear and convincing evidence. Carroll Touch, Inc. v. Electro Mechanical Sys., 15 F.3d 1572, 1584 (Fed. Cir. 1993); Badalamenti v. Dunham's Inc., 896 F.2d 1359, 1365 (Fed. Cir. 1990). If the court finds the case exceptional, the court must then exercise its discretion in determining whether attorney fees should be awarded. J.P. Stevens Co. v. Lex Tex Ltd., 822 F.2d 1047, 1050 (Fed. Cir. 1987). The court should exercise its discretion in favor of awarding attorney fees only when it would be grossly unjust that the prevailing party be left to bear the burden itself. Id. at 1052.

To the extent GE moves for sanctions under FED. R. CIV. P. 11, the following standards apply. Under Rule 11, a district court may sanction a party where at least one of two possible grounds exists. First, a violation of Rule 11 occurs when a party or his attorney fails to make a reasonable inquiry into the facts and law that form the basis for a document filed with the court.

Brown v. Federation of State Medical Bds., 830 F.2d 1429, 1435 (7th Cir. 1987) (citing Thomas v. Capital Sec. Serv., Inc., 812 F.2d 984, 988 (5th Cir. 1987)). A party also violates Rule 11 by bringing a legal action for any improper purpose, such as to delay, harass or needlessly increase the cost of litigation for the opposing party. Johnson Controls, Inc. v. United Ass'n of Journeymen Local 353, 39 F.3d 821, 826 (7th Cir. 1994); Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, 990 F.2d 957, 963 (7th Cir. 1993). With these standards in mind, the Court turns to GE's motion.

## B. COLLATERAL ESTOPPEL AND EXCEPTIONALITY UNDER 35 U.S.C. § 285

In light of Judge Darrah's earlier rulings, GE maintains that Plaintiffs are now collaterally estopped from denying that this case is exceptional under § 285. In response, Plaintiffs contend that the issue of exceptionality under § 285 is a factual inquiry that is unique to each case. As a result, Plaintiffs demand that the Court put aside Judge Darrah's ruling on exceptionality and allow the parties to relitigate the issue before this Court in its entirety. According to Plaintiffs, if we fail to do so, such a failure would "eviscerate" the Court's discretion to resolve the issue of exceptionality in patent cases. Pls.' Memo. at 7. Plaintiffs, however, are mistaken.

In support of their position that collateral estoppel does not apply, Plaintiffs urge the Court to adopt the Federal Circuit's reasoning in Stevenson v. Sears, Roebuck & Company, 713 F.2d 705 (Fed. Cir. 1983). Respectfully, the Court declines to do so, as Stevenson is clearly distinguishable. In Stevenson the Federal Circuit reversed an award of attorneys' fees under § 285 because the trial judge failed to consider whether any unfairness, bad faith or inequitable conduct existed on behalf of the plaintiff. Id. at 712-13. The trial judge found only that the patent owner continued to prosecute a patent that was previously held to be invalid, and because of this, the accused infringer was entitled to fees. Id. at 712. But what distinguishes Stevenson

5

from this case is that the trial judge in Stevenson did not have before it facts that created an exceptional circumstance, such as bad faith, because the prior court did not base its finding of invalidity on the patent holder's inequitable conduct. Id. Nilssen's case against GE is quite the opposite. Here, the Court is confronted with a finding by Judge Darrah that Nilssen's patents were invalid based on several instances of inequitable conduct. This is a far cry from the mere assertion that fees are justified because Nilssen sought to enforce an invalid patent. Indeed, there is much more in the record by way of bad faith and inequitable conduct on behalf of Nilssen to support a finding of exceptional circumstances that would bring the case within the purview § 285. As such, the reasoning in Stevenson is of no consequence here.

This case is more akin to Scripps Clinic & Research Found. v. Baxter Travenol Labs., Inc., 539 F. Supp. 760 (D. Del. 1981), in which the district court held that collateral estoppel can be asserted by a defendant in a patent suit on the issue of exceptionality under § 285. In Scripps, the plaintiff filed two prior suits against various defendants, alleging infringement of the same patents that it asserted against the defendant, Baxter. Id. at 1474. The trial judge in the prior suits found clear and convincing evidence that Scripps obtained the asserted patents through inequitable conduct, and, as a result, the trial judge declared the patents unenforceable. Id. Later that year, in light of Scripps' prior inequitable conduct, the trial judge also found that the case was exceptional and awarded attorneys' fees to the defendants under § 285. Id. at 1474-75. Armed with this ruling, Baxter filed a motion for a judgment of exceptionality, arguing that Scripps was estopped from denying that the current suit was exceptional, given Scripps' misconduct in the earlier suits with regard to the same patents. Id. at 1474. The court granted Baxter's motion, taking into account Scripps' previous misconduct before the PTO and other

incidents of bad faith, believing in the end "that it would be a colossal waste of resources to examine the issue anew." Id. at 1477.

In awarding attorneys' fees to Baxter, the court in Scripps relied heavily on the district court's decision in Convergence Corp. v. Videomedia, 539 F. Supp. 760 (N.D. Cal. 1981), which this Court finds persuasive. In that case, a federal district court held that "there are substantial reasons militating in favor of" the use of collateral estoppel by a defendant to prove its case of exceptional circumstances under § 285. Id. at 766 (applying Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313 (1971)). The most convincing reason, said the court, was "the leverage that a patent plaintiff gains for inducing nuisance settlements…simply by filing, or threatening to file, an infringement action" given the substantial costs in defending a patent suit. Id. at 766. Through this leverage, the court found that without the benefit of collateral estoppel malicious plaintiffs could file "multiple infringement actions and forc[e] a defense when they know that each defendant must still incur extensive litigation costs even [in an] attempt to prevail on the exceptional case issue." Id. Accordingly, the court allowed the application of collateral estoppel, found the case to be exceptional and awarded attorneys' fees to the defendant. Id. at 766-68.

This Court agrees that collateral estoppel serves to advance the beneficial role of attorneys' fees in curbing the imposition of lawsuits based on invalid patents. See id. (citing Blonder-Tongue, 402 U.S. at 347). GE correctly points out that collateral estoppel "'shields a defendant from having to litigate issues that have been fully and fairly tried in a previous action and decided adversely to a party.'" Pharmacia & Upjohn Co. v. Mylan Pharms., Inc., 170 F.3d 1373, 1379 (Fed. Cir. 1999). At the time Plaintiffs filed their case against GE, Judge Darrah already had decided, after a bench trial, that Nilssen engaged in inequitable conduct in obtaining

and maintaining the patents it sought to enforce against Osram, which included the same patents Nilssen sought to enforce against GE. Later on, Judge Darrah found that based on Nilssen's inequitable conduct the case against Osram was exceptional and that attorney fees were proper pursuant to § 285. Taking into account the reasoning in both Scripps and Convergence, the Court finds that this is a case in which the policies behind collateral estoppel support a finding of exceptionality and, in turn, an award of attorneys' fees to GE.

Nevertheless, Plaintiffs argue that this case is not exceptional because they filed it in good faith, despite Judge Darrah's ruling, to protect "their valuable property rights" in the patents at issue. To support this assertion, Plaintiffs claim that at all relevant times they had a good-faith belief that the Federal Circuit would ultimately reverse Judge Darrah's decision on appeal. This good faith belief, according to Plaintiffs, somehow negates any misconduct that would support a fee award under § 285, regardless of the misconduct that Judge Darrah found in the prior case against Osram. This argument is unavailing.

Plaintiffs' mere assertion of a good faith belief as to reversal on appeal does not excuse it from filing a groundless action in the first place. After Judge Darrah's ruling, Plaintiffs had no rights to protect in the patents they asserted against GE. Plaintiffs knew, or, in the very least, should have known, that had they not committed a fraud on the PTO, they likely would not have brought the action against GE in this Court. Plaintiffs' patents were unenforceable, and the filing of an appeal to the Federal Circuit did not somehow revive the validity of those patents or vitiate the exceptionality of the case, regardless of whether such an appeal was filed in good faith. In the end, this is not a defense to collateral estoppel. See, e.g., Pharmacia & Upjohn Co., 170 F.3d at 1381 ("The law is well-settled that the pendency of an appeal has no effect on the finality or binding effect of a trial court's holding.") (citing Deposit Bank v. Bd. of Councilmen of City of

8

Frankfort, 191 U.S. 499 (1903)); Williams v. Comm'r, 1 F.3d 502, 504 (7th Cir. 1993) ("[A] judgment final in the trial court may have collateral estoppel effect even though the loser has not exhausted his appellate remedies.").

Plaintiffs further argue that they are not collaterally estopped from disputing that this is an exceptional case under § 285 because they have not had the opportunity to fully litigate the issue in this Court. The Court recognizes that the "provisions of § 285 cannot operate until after litigation has occurred," and thus the Court must consider whether the Plaintiffs in this case had a fair opportunity to litigate the issue of exceptionality in the prior court. See Scripps, 729 F. Supp. at 1477; Convergence, 539 F. Supp. at 767-68. There is no question that they did, but Plaintiffs aver that although Judge Darrah decided the issue of exceptionality in the earlier case, which involved the same patents, that finding does not necessarily apply without this Court's full consideration of the facts and circumstances involved in this case. The Court disagrees.

Our principles of collateral estoppel deny a losing party a second bite at the apple after he had a full and fair opportunity to prove a claim, but failed in that effort. See, e.g., Allen v. McCurry, 449 U.S. 90, 96 (1980) (holding that collateral estoppel precludes relitigation of an issue provided the party against whom estoppel is asserted had a full and fair opportunity to litigate that issue in the earlier action); U.S. ex rel. Hartigan v. Palumbo Bros., Inc., 797 F. Supp. 624, 633 (N.D. Ill. 1992) ("Collateral estoppel applies to bar relitigation of an issue which was actually and necessarily litigated in a prior action..."). In the earlier case, Judge Darrah analyzed Nilssen's misconduct when deciding the issues of enforceability and exceptionality, and Nilssen disputed his own misconduct and the award of attorneys' fees at every turn. Indeed, these matters were fully litigated by Nilssen in Judge Darrah's court, in the Federal Circuit and in a petition for *certiorari* to the U.S. Supreme Court, which was ultimately denied. The arguments

9

asserted by Plaintiffs to the contrary represent no more than a collateral attack on Judge Darrah's findings. Under the circumstances, Plaintiffs have made no showing why the imposition of estoppel would be inappropriate in this Court. Accordingly, Plaintiffs are estopped from relitigating the issue of exceptionality here.

## C. RULE 11 SANCTIONS

GE further requests that the Court sanction Plaintiffs and their counsel under Rule 11 for knowingly filing a baseless infringement action against GE in this Court. The Court declines to do so. Under the circumstances, an award of fees pursuant to the U.S. Patent Act's express statutory provision § 285 serves as the same kind of deterrent as the imposition of Rule 11 sanctions. See Voith v. Beloit Corp., No. 92 C 902, 1995 WL 914611, at *20 (W.D. Wis. June 13, 1995) (declining to impose Rule 11 sanctions when the court found the case exceptional under § 285 and awarded attorneys' fees). There is not enough about Plaintiffs' conduct to award GE additional sanctions above and beyond what the statute provides. Although we agree that Plaintiffs filed a baseless action, Plaintiffs made a reasonable effort to notify the Court of Judge Darrah's ruling and to immediately seek a stay of the proceedings. Plaintiffs' conduct was not so egregious in this Court that it justifies Rule 11 sanctions. GE's motion for sanctions pursuant to Rule 11 is therefore denied.

## III. CONCLUSION

For the reasons stated above, GE's motion for attorneys' fees pursuant to 35 U.S.C. § 285 is granted against Plaintiffs Nilssen and the GEO Foundation, Ltd. The motion for Rule 11 sanctions is denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES R. NORGLE, Judge
United States District Court

DATED: 11-12-08