# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

OLE K. NILSSEN and GEO )
FOUNDATION, LTD., )
                                            )    No. 06 C 4155
         Plaintiffs,                 )
                                            )    Honorable Charles R. Norgle
         v.                                  )
                                            )
GENERAL ELECTRIC COMPANY )
and GE LIGHTING, LLC, )
                                            )
         Defendants.         )

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Plaintiffs' renewed motion for rule to show cause as to why the Defendants General Electric Company and GE Lighting, LLC (collectively "GE") should not be held in contempt of court for their alleged failure to comply with the Court's previously imposed stay order. For the following reasons, the motion is denied.

### I. BACKGROUND

Plaintiffs brought this suit against GE on August 1, 2006, alleging the infringement of six U.S. patents that the Plaintiffs purportedly held in certain electronic ballasts manufactured and sold by GE. Before Plaintiffs filed this complaint, however, Judge Darrah of the United States District Court for the Northern District of Illinois declared in a similar suit that Plaintiffs' patents were unenforceable because they were obtained through fraudulent means. Plaintiffs appealed the decision, but nevertheless in the interim filed suit against GE.

While the appeal was pending, Plaintiffs moved to stay the proceedings in this Court. But in light of Judge Darrah's ruling, GE opposed Plaintiffs' motion to stay and argued for an

immediate dismissal of the case. On September 22, 2006 this Court granted Plaintiffs' request for a stay and, over GE's objections, explained that "[w]hen the court lifts the stay of this case, counsel may file whatever motions she finds appropriate, and the court will set a briefing schedule on those motions." See Pls.' Mot., Ex. A. A few days later, on September 28, 2006 GE filed a motion for reconsideration, requesting that the Court reconsider its stay of the case and, concurrently, that the Court dismiss the case outright. The parties briefed the motion for reconsideration, and Plaintiffs additionally filed a motion for rule to show cause based on an alleged violation of the stay order by GE. The Court set a briefing schedule on Plaintiffs' motion.

The following month, on October 13, 2006 GE sent to Plaintiffs' counsel a letter with an unfiled motion for Rule 11 sanctions attached, stating that GE intended to file the attached motion for sanctions if Plaintiffs did not dismiss the case against GE. Id., Ex. C. Further, on November 9, 2006 GE filed two motions before Judge Darrah and Judge Gettleman of the Northern District of Illinois, requesting that the case in this Court be reassigned to them based on relatedness. Id., Ex. D, Ex. E. Plaintiffs objected to the proposed reassignment in both cases. Thereafter, on December 7, 2006, Plaintiffs' motion for rule to show cause became fully briefed, and the case sat dormant for several months.

On April 5, 2007 GE supplemented its motion for reconsideration with various court filings, which included an opinion by the United States Court of Appeals for the Federal Circuit. Id., Ex. H. There, the Federal Circuit affirmed Judge Darrah's ruling as to the unenforceability of Plaintiffs' patents. In light of the Federal Circuit's ruling, on November 13, 2007 GE sent a letter to Plaintiffs' counsel, requesting that Plaintiffs dismiss their case against GE "with prejudice based on collateral estoppel and unenforceability due to inequitable conduct...." Id.,

Ex. I. Plaintiffs ignored GE's request and instead moved for rehearing *en banc* before the Federal Circuit. The Federal Circuit denied Plaintiffs' motion, thus prompting GE to send Plaintiffs another letter on January 18, 2008, which demanded that Plaintiffs dismiss the case against GE for the same reasons cited in GE's earlier letter. Id., Ex. J.

On June 27, 2008 Plaintiffs filed in this Court a notice of voluntary dismissal of their case against GE. On July 2, 2008 the Court terminated the case pursuant to Plaintiffs' notice. On July 3, however, GE moved to lift the stay, thereby asking the Court to dismiss the case with prejudice and to retain jurisdiction to determine any awards of attorneys' fees and costs. On July 18, 2008 the Court denied as moot GE's motion to lift the stay and to dismiss the case, but granted the motion so as to "retain jurisdiction to entertain any motions for attorneys' fees, sanctions and costs." In the same order, the Court acknowledged the parties' agreement to dismiss the case with prejudice. And, in light of the dismissal with prejudice, the Court eventually denied as moot all motions that remained outstanding from the time the Court stayed the case in the first instance.

In line with the Court's July 18, 2008 order, GE filed a motion for attorneys' fees and costs. After briefing the issue, Plaintiffs filed a renewed motion for rule to show cause, arguing that GE violated the Court's stay order on nine separate occasions prior to the Court's dismissal of the case. As a result of these alleged violations, Plaintiffs now request an order granting them all attorneys' fees that they incurred in reviewing and responding to GE's demands. Plaintiffs' motion is fully briefed and currently before the Court.

## II. DISCUSSION

### A. GE's Motion for Reconsideration

Plaintiffs first argue that GE violated the stay order when it filed a motion for reconsideration of the stay order and, in conjunction with that motion, filed a motion to dismiss. According to Plaintiffs, GE's additional request to dismiss the case constituted a violation of the stay order. In response, GE contends that before it filed the motion Plaintiffs acknowledged that GE had a right to file a motion for reconsideration, and that Plaintiffs would have to respond to such a motion. This admission, says GE, contradicts any supposed violation of the Court's stay order.

Regardless of Plaintiffs' admission, the Court cannot say that its order to stay the case was so unyielding that it precluded the parties from seeking relief under a properly invoked procedural rule. In other words, GE's challenge to the stay order, by itself, was not necessarily a violation of the order, so long as the challenge was brought pursuant to an available method of relief. In this case, it was. GE brought the motion for reconsideration pursuant to FED. R. CIV. P. 59(e), and then sought dismissal, in light of the Court's reconsideration, pursuant to FED. R. CIV. P. 12(b)(1) and (b)(6). GE in essence sought the same relief – dismissal of the case after the Court reconsidered the stay order – through both motions, which it filed concurrently. There is no procedural abuse committed by such a request. GE brought its motions pursuant to procedurally available rules and the Court acknowledged the parties' right to do so. Accordingly, a motion by GE for reconsideration filed concurrently with a motion to dismiss, under the circumstances, is not enough to support a rule to show cause.

## B. GE's LETTERS TO PLAINTIFFS' COUNSEL

Plaintiffs also take issue with four letters that GE sent to Plaintiffs' counsel, either threatening to file a motion for sanctions under Rule 11, or requesting that Plaintiffs dismiss the case in light of the various rulings by the Federal Circuit. Plaintiffs offer no reasons as to why these letters violate the stay, except to say that GE did not seek leave of Court to send the letters to Plaintiffs. Yet, arguably, seeking leave would only trigger another round of briefing in this contentious, protracted litigation. Either way, the Court disagrees with Plaintiffs.

The letters sent in light of the Federal Circuit's decisions do not constitute violations of the stay order, despite Plaintiffs' contention. Indeed, the stay order was not so far-reaching so as to preclude all communications between the parties' counsel. Such an order would be unreasonable, especially since the parties could potentially settle the matter as the Federal Circuit issued its decisions. Notwithstanding a stay of the case, the Court should only expect that the parties keep each other abreast of the case's procedural posture and, in turn, attempt to resolve any disputes as the litigation progresses. GE's letters served only to further these expectations. As a result, they did not violate the stay.

As to the "Rule 11 Letter," the Court finds that GE was within its rights when it threatened the Plaintiffs with Rule 11 sanctions. Rule 11 provides relief from unwarranted pleadings. Given Judge Darrah's previous ruling and the Federal Circuit's subsequent decisions on that ruling, it is plausible that GE perceived Plaintiffs' lawsuit in this Court as unwarranted. Moreover, it is significant that GE did not file the motion for sanctions. GE simply threatened to file it, which gave Plaintiffs an opportunity to resolve the issue without the Court's intervention. GE's conduct under the circumstances certainly conformed with Rule 11, and, as such, the Rule 11 letter did not violate the stay.

5

## C. GE's Motions to Reassign

Plaintiffs next argue that GE violated the stay when it moved to reassign the case to Judge Gettleman's and Judge Darrah's dockets. GE, on the other hand, asserts that these motions did not violate the stay because it filed them in the interest of judicial economy. In fact, GE points out that "Judge Gettleman and Judge Darrah were both already reviewing the very same issues on the very same patents, including issues relating to unenforceability and/or collateral estoppel in view of Judge Darrah's decisions in [the earlier case]." Def.'s Br. in Opp'n at 8. In this way, GE contends that the motions were consistent with the Court's goals in staying this case, and thus the motions did not violate the stay. The Court agrees with GE on this issue.

GE did not file its motions for reassignment in this Court. Instead, GE filed its motions for reassignment in those courts to which it sought to have the case transferred. For this alone, there is no violation of the stay in this Court, as once again GE invoked a viable federal rule in doing so. Also, neither Judge Gettleman nor Judge Darrah treated GE's motions as frivolous, and there is nothing to support the inference that GE was somehow improperly shopping for a more favorable forum in which to avoid the effects of the stay in this Court. There is no showing of bad faith on behalf of GE, and this Court will not sanction GE for seeking an alternative, albeit a perceived more receptive forum in which to seek a dismissal of this case. Accordingly, the Court finds that GE's motions for reassignment do not support Plaintiffs' request for a rule to show cause.

## D. GE's Letter to the Court and Supplement to the Motion for Reconsideration

Finally, Plaintiffs maintain that GE violated the Court's stay order when it notified the Court of and filed various supplements to the record in this case. GE's supplements to the record consisted of the following: Judge Darrah's Memorandum Opinion and Order as to the

unenforceability of the patents in this case; Judge Gettleman's order in another similar case, in which Judge Gettleman entered partial summary judgment on five of the six patents at issue because they were previously found unenforceable; and a copy of the Federal's Circuit's docket sheet, indicating that at the time GE filed its supplement to the record in this case the appeal to the Federal Circuit was not yet resolved. See id., Ex. F and Ex. H. GE avers that neither the correspondence to the Court nor the supplemental filing violate the stay because it was merely updating a motion that was pending before the Court. GE notified the Plaintiffs of its correspondence to the Court and of its supplemental filing.

The Court finds no violation based on GE's letter to the Court or supplement of the record. GE's motion for reconsideration was pending at the time GE supplemented the record. This Court does not discourage all parties to notify the Court of and to supplement any pending motions with additional material that was unavailable at the time of the initial filing and that will assist the Court in making a proper determination. See FED. R. CIV. P. 15(d). And while GE's conduct may not have literally complied with Rule 15, it nevertheless does not justify an order to show cause, much less a finding of contempt. Plaintiffs' motion is therefore denied on these grounds.

## III. CONCLUSION

For the reasons stated above, Plaintiffs' renewed motion for rule to show cause for Defendant GE's alleged violations of the stay order is denied.

IT IS SO ORDERED.

ENTER:

CHARLES R. NORGLE, Judge
United States District Court

DATED: 11-12-08